IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD WHITLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-110-WKW |
| | ) | [WO] |
| GLENN GOGGANS, P. BRUNER, and BILL FRANKLIN, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a pretrial detainee in custody at the Elmore County Jail in Wetumpka, Alabama, has filed a *pro se* action against state governmental officials, including a district judge (Glenn Goggans) and a sheriff (Bill Franklin). For his pleading, Petitioner has submitted what appear to be copies of Orders in state criminal proceedings pending against him. He concludes with a request that this court remove the cash bond, claiming that he cannot afford it. (Doc. # 1 at 7.)

Petitioner's pleading contains no allegations; however, to the extent Petitioner seeks injunctive relief to release him from pretrial custody, Petitioner's pleading is construed as a 28 U.S.C. § 2241 petition. *See Bradley v. Pryor*, a F.3d 1287, 1289 (11th Cir. 2002) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . ." (citation omitted)); *see also Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261–62 (11th Cir. 2004) ("[B]ecause

this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241."). Based upon an initial screening under 28 U.S.C. § 1915A, the petition will be dismissed based on the *Younger* abstention doctrine. A certificate of appealability also will not be issued.

## I. Screening Under § 1915A

Under § 1915A, a district court must review complaints filed by prisoners seeking redress from a governmental entity or its officers or employees. Dismissal is required if the complaint, or any part of it, is "frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A(b)(1).

Any claim regarding excessive bail directly relates to Petitioner's pending criminal proceeding in state court and must be dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* established that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022) (citing *Younger*, 401 U.S. at 43–45). Absent extraordinary circumstances, abstention under *Younger* is required when three conditions are met: (1) the state judicial proceeding is ongoing, (2) the proceeding implicates important state interests, and (3) the state provides an adequate opportunity to raise the constitutional challenge. *See id.* These conditions clearly are satisfied here.

2

First, Petitioner's claim of excessive bail arises from charges pending against him in state court, which include both felony and misdemeanor charges. This confirms that his state criminal prosecution is ongoing. Second, the criminal prosecution of violations of state law "implicates important interests concerning the state's police power." *Id.*

Third, Petitioner has the opportunity to challenge the allegedly excessiveness of his bail through the state court system.[1] For a state inmate subject to pretrial detention in Alabama, a challenge to allegedly excessive bail may be raised through a petition for a writ of habeas corpus in the state courts. *Ex parte Stokes*, 990 So. 2d 852, 856 (Ala. 2008) (citing *Ex parte Colbert*, 717 So. 2d 868, 870 (Ala. Crim. App. 1998)). A challenge to the district court's bail determination may be asserted in a petition for writ of habeas corpus filed in the circuit court. *See Ex parte Colbert*, 717 So. 2d at 870. If the circuit court denies the petition, the petitioner may seek review by filing a petition for writ of habeas corpus in the Alabama Court of Criminal Appeals, *see id.*, and any adverse ruling there may be challenged through

---

[1] Whether construed as a 42 U.S.C. § 1983 action or a petition under § 2241, *Younger* abstention applies. Petitioner is warned that inmates in state custody, including pretrial detainees, must first exhaust state remedies before seeking relief in federal court under § 2241. As the Eleventh Circuit made clear in *Johnson*, "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." 32 F.4th at 1095–96 (citation and internal quotation marks omitted); *see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489–92 (1973) (concluding that the pretrial detainee had exhausted all available state remedies prior to addressing the claims in the § 2241 petition). While it does not appear that Petitioner has exhausted his state remedies as to his challenge to the allegedly excessive bail, the dismissal of this action is based on the *Younger* abstention doctrine, not on failure to exhaust state remedies.

3

a petition to the Alabama Supreme Court. *See Ex parte Colbert*, 805 So. 2d 687, 688 (Ala. 2001) (holding that a "petition for habeas corpus is the proper remedy in a case" challenging the circuit court's denial of pretrial bail for noncapital offenses).

Because the three conditions for *Younger* abstention are satisfied, and there are no allegations indicating the possible application of extraordinary circumstances, the court must abstain from considering the merits of Petitioner's § 2241 petition. Accordingly, the petition will be dismissed without prejudice. *See Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) ("Dismissals pursuant to the *Younger* abstention doctrine are without prejudice." (citation omitted)).

## II. Amendment Would Be Futile

Generally, the district court will afford a *pro se* prisoner an opportunity to amend his complaint at least once. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citations omitted). However, a district court is not required to allow an amendment that would be futile. *Id.* (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). An amendment is considered futile, if the complaint, as amended, "'would still be properly dismissed.'" *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (quoting *Cockrell*, 510 F.3d at 1310).

In his § 2241 petition, Petitioner asks this court to compel an Alabama state court to set an affordable cash bond in his ongoing state criminal proceedings, permitting him to secure release from pretrial custody. However, under the *Younger*

abstention doctrine, his § 2241 petition is not permitted, and an amended complaint would not cure this defect.[2] Accordingly, leave to amend will not be granted.

### III.  CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1) The Clerk of Court is DIRECTED to docket this action as a 28 U.S.C. § 2241 habeas petition; and

(2) Based upon application of the *Younger* abstention doctrine in light of Petitioner's ongoing state criminal proceedings, this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Because Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253, a certificate of appealability will not issue.

Given the dismissal of this petition, it is further ORDERED that the procedural Order entered on February 11, 2025 (Doc. # 3) is VACATED.

Final judgment will be entered separately.

DONE this 26th day of February, 2025.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE

---

[2] Because the application of the *Younger* abstention doctrine makes any amendment futile, it is unnecessary to address the pleading defects in the petition, including Petitioner's failure to name a proper respondent for a § 2241 petition. *See* 28 U.S.C. § 2243 (A proper respondent is "the person having custody of the person detained.").